**SO ORDERED.**

**SIGNED this 28 day of October, 2013.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:                                                                          CASE NO.

LINDA ANN NUSSMAN                                              13-00440-8-SWH

    DEBTOR

### ORDER REGARDING OBJECTION TO CLAIM

The matter before the court is the debtor's objection to the claim of Oak Harbor Capital VII, LLC. A hearing took place in Raleigh, North Carolina, on August 27, 2013. For the reasons that follow, the objection will be overruled.

BACKGROUND

Linda Ann Nussman filed a petition for relief under chapter 13 of the Bankruptcy Code on January 22, 2013. The debtor listed a debt owed for credit card charges to Barclays Bank Delaware in the amount of $18,476.51 on her Schedule F. The debt was not listed as disputed. By notice dated January 22, 2013, the filing deadline for proofs of claim was set for May 22, 2013. On February 16, 2013, a proof of claim was filed by Oak Harbor Capital VII, LLC, c/o Weinstein and Riley, P.S., for $19,463.77 in unsecured "credit card/other" debt. Claim No. 3-1. The claim is signed by "Larry E. Johnson, BK, Services Manager," as an authorized agent of the creditor. Id. Attached to the claim is an "Account Summary," which provides the debtor's name, account

balance, merchant name, last payment date, last purchase date, and charge off date, among other information. Additionally, the account summary identifies the "Issuer" and "Assignor" as Barclays Bank.

On June 7, 2013, the debtor filed an objection to Oak Harbor's claim, which was served on Oak Harbor at an address in Raleigh, North Carolina. On July 1, 2013, an amended objection to claim was filed, apparently to correct the service address for Oak Harbor such that it mirrored the Seattle, Washington address contained in the proof of claim. The debtor seeks disallowance of Oak Harbor's claim, contending that it fails to: (1) include a copy of a document evidencing the debt that contains the debtor's signature pursuant to N.C.G.S. § 58-70-150(1), and (2) include a copy of an assignment or other writing establishing that Oak Harbor is the owner of the debt pursuant to N.C.G.S. § 58-70-150(2).[1]

Oak Harbor filed a response on August 5, 2013, contending that the claim complies with Rule 3001(c)(3) of the Federal Rules of Bankruptcy Procedure, as the attachment to the proof of claim contains all of the information required by the rule. Also on August 5, 2013, Oak Harbor filed an amended proof of claim, attached to which is an "Account Summary," which contains the same information provided within the document attached to the original proof of claim, along with various assignments and account statements. According to Oak Harbor, the amended proof of claim was filed "out of an abundance of caution," and, like the original proof of claim, the amended proof of

---

[1] In the objection, the debtor further contended that Oak Harbor failed to: (1) include a copy of the writing on which the claim is based or a statement explaining the absence of such a writing, (2) include an itemization of credit extended as to individual transactions, (3) provide verification that either Oak Harbor or Larry Johnson, as the preparer of the claim, are connected to the establishment or maintenance of the credit card account, and (4) provide "reasonable verification" of the amount allegedly owed by the debtor pursuant to N.C.G.S. § 58-70-115(5). At the hearing, however, the debtor narrowed the objection to the arguments rooted in N.C.G.S. § 58-70-150.

claim was filed in accordance with the Federal Rules of Bankruptcy Procedure. Response, Doc. No. 27. Oak Harbor therefore contends that it has established prima facie evidence of the validity and amount of the claim pursuant to Rule 3001(f).

The parties were invited to submit briefs within 10 days of the August 27, 2013 hearing date. The debtor filed a brief in support of the objection on August 28, 2013. On September 6, 2013, Oak Harbor submitted a filing entitled "Additional Exhibits In Support of Opposition to Objection to Claim," consisting of two affidavits in support of Oak Harbor's claim of account ownership. The debtor filed a response objecting to the submission of such exhibits on September 10, 2013, asserting that the parties were invited to file briefs, not to present further evidence.

## DISCUSSION

Section 502 of the Bankruptcy Code governs the allowance of claims. Pursuant to § 502(a), a properly filed proof of claim is deemed allowed unless a party in interest objects. Rule 3001 of the Federal Rules of Bankruptcy Procedure provides guidance as to the appropriate form and content of a proof of claim. Until recently, proofs of claim filed on the basis of credit card debt were required to be accompanied by either the original or a duplicate of the writing establishing the claim, or a statement as to the loss or destruction of such document(s). See Fed. R. Bankr. P. 3001(c)(1). Upon the amendment of Rule 3001 as of December 1, 2012, however, a paragraph was added to subdivision (c) to specifically and exclusively address credit card debt, which provides:

> (A) When a claim is based on an open-end or revolving consumer credit agreement – except one for which a security interest is claimed in the debtor's real property – a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>
> > (i) the name of the entity from whom the creditor purchased the account;

3

> (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account
> (iii) the date of an account holder's last transaction;
> (iv) the date of the last payment on the account; and
> (v) the date on which the account was charged to profit and loss.
>
> (B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

Fed. R. Bankr. P. 3001(c)(3).

As to the burden of proof in the claims allowance process, the Fourth Circuit has explained the Code's "burden-shifting framework" as follows:

> [t]he creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); [Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 404 (4th Cir. 1992)]. The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr. P. 9017; Fed. R. Evid. 301; [4 Collier on Bankruptcy, ¶ 501.02[3][d] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2004]. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. (Footnote omitted.) Id. at ¶ 502.03[3][f].

Stancill v. Harford Sands, Inc. (In re Harford Sans, Inc.), 372 F.3d 637, 640 (4th Cir. 2004). In the present case, the account summary that Oak Harbor attached to the original claim contains all of the information required by Rule 3001(c)(3), rendering the claim presumptively valid under Rule 3001(f) and shifting the burden to the debtor to object to the claim. In the objection, the debtor asserts that the claim fails to comply with the requirements of certain subsections of N.C.G.S. § 58-70-1 et seq., and therefore should be disallowed pursuant to § 502(b)(1) of the Code. Thus, the court must initially determine whether the cited portions of N.C.G.S. § 58-70-1 et seq. apply for purposes

of claim allowance under § 502(b)(1). If so, the debtor will have rebutted the claim's presumptive validity, and the burden will shift back to Oak Harbor to establish compliance with the state statute in order to prove its claim. If the court determines that the debtor has not met her burden, however, the inquiry ends and the objection should be overruled.

In order to determine whether the debtor has met her burden, the court must look to § 502(b), which provides that when an objection to claim is filed, the court must determine the amount of the claim and allow it in that amount except to the extent that the claim falls into certain enumerated categories. Section 502(b)(1) calls for disallowance of a claim if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The debtor's position is that the claim is unenforceable under applicable law, namely certain sections of N.C.G.S. § 58-70-1 et seq., otherwise known as the North Carolina Collection Agency Act (hereinafter, the "NCCAA"). Specifically, the debtor asserts that Oak Harbor is a "debt buyer" under the NCCAA, which is defined as

> a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts, or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third party for collection or an attorney-at-law for litigation in order to collect such debt.

N.C.G.S. § 58-70-15(b)(4). As such, according to the debtor,[2] Oak Harbor was required to include with its proof of claim certain additional documentation pursuant to N.C.G.S. § 58-70-150, which provides, in pertinent part:

---

[2] The court notes that although it was the debtor's burden to establish that Oak Harbor qualifies as a debt buyer under the statute, the debtor did not introduce any evidence in this regard.

5

> [i]n addition to the requirements of G.S. 58-70-145, in any cause of action initiated by a debt buyer, as that term is defined in G.S. 58-70-15, all of the following materials shall be attached to the complaint or claim:
>
>> (1) A copy of the contract or other writing evidencing the original debt, which must contain a signature of the defendant. If a claim is based on credit card debt and no such signed writing evidencing the original debt ever existed, then copies of documents generated when the credit card was actually used must be attached.
>
>> (2) A copy of the assignment or other writing establishing that the plaintiff is the owner of the debt. If the debt has been assigned more than once, then each assignment or other writing evidencing transfer of ownership must be attached to establish an unbroken chain of ownership. Each assignment or other writing evidencing transfer of ownership must contain the original account number of the debt purchased and must clearly show the debtor's name associated with that account number.

N.C.G.S. § 58-70-150. The question before the court, therefore, is whether this section of the NCCAA constitutes "applicable law" under 11 U.S.C. § 502(b)(1) which renders the debt unenforceable.

Certainly, state law can constitute the type of "applicable law" that would render a claim unenforceable and thus subject to disallowance pursuant to § 502(b)(1) of the Code. See, e.g., In re Andrews, 394 B.R. 384 (Bankr. E.D.N.C. 2008); In re Forrest, Case No. 06-01967-8-JRL (Bankr. E.D.N.C. May 22, 2009). One example of the type of law referenced by § 502(b)(1) is a statute of limitations, such as North Carolina's three-year statute of limitations regarding contract claims. See In re Andrews at 4; see also N.C.G.S. § 1-52(1). In this regard, although a creditor may have a right to payment, it cannot seek to enforce that right once the statute of limitations has run; thus, if a time-barred claim is filed in a bankruptcy case, it is subject to disallowance on grounds of unenforceability pursuant to § 502(b)(1) of the Code.

The inquiry here is whether N.C.G.S. § 58-70-150 renders Oak Harbor's claim unenforceable? The court finds that the answer is no. N.C.G.S. § 58-70-150 imposes a pleading requirement on debt buyers who file a complaint to collect a debt. This is apparent from its location within the NCCAA, namely, within Part 5, which is titled, "Special Requirements in Actions Filed by Collection Agency Plaintiffs." In addition, N.C.G.S. § 58-70-150 itself is titled, "Complaint of a debt buyer plaintiff must be accompanied by certain materials." The text of N.C.G.S. § 58-70-150 requires, in any "cause of action" initiated by a debt buyer, the attachment of documentation evidencing the debt, as well as any assignment of the debt, to the "complaint or claim." Thus, N.C.G.S. § 58-70-150 governs lawsuits filed to collect debts.

In a similar matter, Jenkins v. Genesis Fin. Solutions (In re Jenkins), 456 B.R. 236 (Bankr. E.D.N.C. 2011), this court had the opportunity to consider the applicability of other NCCAA statutes to the filing of bankruptcy proofs of claim. The Jenkins case primarily involved a debtor seeking damages for the alleged violation of N.C.G.S. § 58-70-115, which prohibits unfair collection practices, defining one such practice as the filing of a lawsuit to collect a debt without documentation of ownership of the debt at issue. As stated in Jenkins, "[t]he court is simply not persuaded that a creditor's filing of a proof of claim in a bankruptcy case constitutes an effort to "collect" within the meaning of North Carolina's new statutes." Id. at 239-40.

Nor is the court persuaded in the present case. Like the operative statute in Jenkins, N.C.G.S. § 58-70-150 applies to actions to collect debt, and requires that the creditor maintain proof of ownership of the debt. As explained in Jenkins, "[i]f filing a proof of claim constituted a 'collection' activity, then filing proofs of claim under § 502(b) would be fundamentally at odds with language in § 362(a)(6) providing that the filing of a petition 'operates as a stay, applicable to all

7

entities, of . . . any act to *collect*, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.'" Jenkins at 240. Accordingly, the court finds that the filing of a proof of claim does not trigger N.C.G.S. § 58-70-150, and thus N.C.G.S. § 58-70-150 does not, for purposes of § 502(b), constitute the type of law under which Oak Harbor's claim would be unenforceable, and subject to disallowance.

As an ancillary matter, and upon a review of the claims register, the court takes judicial notice of Oak Harbor's amended claim (No. 3-2), filed on August 5, 2013. Although filed after the claims bar date of May 22, 2013, the claim was not amended in substance; rather, Oak Harbor merely attached additional documentation in support of its claim (and in response to this objection). As such, the amendment is permitted and the amended claim relates back to the date of filing of the original proof of claim. See, e.g., In re Brokers, Inc., 2007 Bankr. LEXIS 2525 (Bankr. M.D.N.C. July 5, 2007) (holding that Federal Rule of Civil Procedure 15 applies to claims in bankruptcy court proceedings, and provides that leave to amend should be freely given, and that amendments relate back to the filing date of the original claim), In re Richter, 478 B.R. 30 (Bankr. D. Colo. 2012) (allowing amended claim filed after the claims bar date, where the substantive content of the original proof of claim was not altered.

Based on the foregoing, the court finds that the debtor has not met her burden of presenting sufficient evidence to negate the prima facie validity of Oak Harbor's proof of claim. The objection is therefore **OVERRULED** and amended claim number 3-2 is allowed in the amount as filed.

**SO ORDERED**.

**END OF DOCUMENT**